UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEKINAH GRIFFIN,

    Plaintiff,

v.

GENERAL ELECTRIC CREDIT UNION, et al.,

    Defendants.

Case No. 1:23-cv-542

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On August 29, 2023, Plaintiff, proceeding *pro se*, filed an application to initiate litigation without payment of a filing fee against Defendant General Electric Credit Union and two of its employees, Rodney[1] Manning and Ashley Cunningham. In addition to the application to proceed *in forma pauperis*, Plaintiff tendered a copy of her complaint. For the reasons that follow, Plaintiff's complaint should be dismissed *sua sponte* based on a failure to state a cognizable claim.

**I.    Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized

---

[1] Plaintiff identifies "Rodney" Manning in the caption of her complaint, but refers to this defendant as "Randy" Manning in the body of her complaint.

1

federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under

§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Plaintiff's Complaint Fails to State a Cognizable Claim

Plaintiff has submitted her complaint on a form commonly used by pro se litigants. On that form, Plaintiff asserts that this Court has subject matter jurisdiction over Plaintiff's lawsuit because it is a "civil rights lawsuit" that alleges that Defendants have acted "under color of State law" to deprive her "of a right secured by federal law of the Constitution." (Doc. 1-1, PageID 5). However, Plaintiff's complaint fails to state a civil rights claim under 42 U.S.C. § 1983 because the named Defendants are not state officials or state actors, and because Plaintiff does not identify any federal or constitutional right that any of the Defendants have violated.

In fact, Plaintiff's complaint does not include sufficient factual content for this Court to discern any federal claim. Plaintiff's complaint refers to general "rights as a consumer" but fails to identify with any particularity any federal law that Defendants are alleged to have violated. She generally alleges that she requested that General Electric Credit Union release her "securities" but includes no factual details to explain that reference. (*See* Doc. 1-1, PageID 6, alleging that Defendants "have violated my rights as a consumer and committed fraud/breach of contract denying me of my inaliable [sic] and of contractual rights. Denying me my securities. Refusing to honor administrative process and or notices in continuation of violations of my rights."). The complaint includes a handful of dates that appear to reference telephone conversations with various individuals about the release of her "securities" but provides no factual content from which this Court (or the Defendants) might reasonably infer an alleged violation of federal law.

For example, in addition to seeking a return of "securities," Plaintiff makes cursory references to a "debt," alleging that on May 3, 2023 "a third party by the name of Kierra (last name unknown) contacted me via phone," (Doc. 1-1, PageID 6), and that the third party was "an affiliate" who was a "debt collector attempting to collect a debt on behalf of General Electric Credit Union and or making arrangement to secure my property that I was given in exchange for secure collateral (application w/ SSN)." (*Id.*, PageID 8). Plaintiff further alleges that Defendant Manning contacted her by phone on August 25 and refused to comply with Plaintiff's "notices, performances and demands." (*Id.*) She alleges that a second contact with Defendant Manning occurred on August 28:

> -August 28, 2023 Manning contacted me and a family member again in regards to this alleged debt disregard my cease and desist and notice of dispute given July 2023 which Manning verbalized they (General Electric Credit Union) have received with several other notices and documentation

4

> which they have refused to acknowledge and respond to as instructed in the notices and by law again continuing to violate my rights and harass me despite my attempt to handle this matter before submission of this litigation pursuance.

(Doc. 1-1, PageID 9). Plaintiff's allusions to conversations about a "debt" and to "notices and documentation" are too cursory and lacking in detail to state any conceivable claim.

Construing the allegations liberally, it is possible that Plaintiff's reference to an alleged "debt" is to some type of loan that she obtained from the credit union. *See*, *e.g.*, *McGee v. Nissan Motor Acceptance Corp.*, 619 Fed. Appx. 555 (7th Cir. 2015) (affirming dismissal of complaint bearing hallmarks of the "sovereign citizen" movement in which the plaintiff sued his lender because it would not honor a "bill of exchange" that plaintiff alleged made the United States Treasury responsible for his debt); *Harp v. Police and Fire Federal Credit Union*, No. 23-cv-2577, 2023 WL 5152625, at *2 (E.D. Pa. Aug. 10, 2023) (dismissing with prejudice a pro se complaint that rested on plaintiff's mistaken belief that her "bill of exchange" was valid legal tender for payment of a credit card debt). But the fact that this Court must resort to speculation about the underlying facts of this case only underscores the conclusion that Plaintiff fails to state any cognizable claim under federal law.

In what may be intended as a reference to federal law, Plaintiff includes an allegation that the credit union has refused "to accept my performance per the Bill of Exchange Act of transferring accepted credits to the account of performance of full contract continuing to keep/withhold my securities." (*Id.* at 8). But again, the allegations as pled require this Court to speculate as to both what law is referenced and what violation is alleged. *See*, *e.g.*, *Des Rochers v. Moynihan*, A-16-CV-560-SS-M, 2016 WL 11584833 (W.D. Texas May 16, 2016) (dismissing as legally frivolous a complaint alleging claim

5

under an English law entitled the "Bills of Exchange Act of 1882"); *McPherson v. Tompkins Trust Company*, No. 3:18-cv-453-TJM-DEP, 2018 WL 5283871, at *4 (N.D.N.Y. Oct. 24, 2018) (granting judgment to defendants, construing plaintiff's reference to the "Bills of Exchange Act of March 30, 1821" as a reference to a Pennsylvania statute that provides no relief in federal court).

Plaintiff alludes to a breach of contract without specifying the particulars of any contract. (Doc. 1-1, PageID 6). But to the extent that she is attempting to state claims for breach of contract or fraud, those claims are presumed to arise under state law, not federal law. Even if a reviewing court were to conclude that Plaintiff's vague allegations were sufficient to state a claim under state law, the undersigned would recommend against the assumption of supplemental jurisdiction based on the dismissal of any possible federal claims.

In the final "Relief" section of her complaint form, Plaintiff cites to the "Federal Reserve Act" and the "Truth and [sic] Lending Act." (See Doc. 1-1, PageID 7, allegation seeking an order requiring Defendants to "Honor my constitutional rights for the consumer credit transaction deal pursuant to Truth and Lending Act as well as respond/honor the invoice, notice to cease and desist demands and affidavit of truth with regards to my constitutional rights without reserve."). Again, Plaintiff's fleeting references to broad federal statutes are insufficient to state any claim because the complaint is devoid of relevant facts, and she does not identify any specific provision of the cited laws that the Defendants are accused of violating. *See Lillacalenia v. Kit Federal Credit Union*, No. 3:14CV–151, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014) (sua sponte dismissal of

6

pro se complaint that referred to Federal Reserve Act without a showing either that the plaintiff may maintain an action under that Act or what provision had been violated).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED**:

1. Plaintiff's federal claims should be dismissed with prejudice because they are legally frivolous and fail to state any cognizable federal claim;

2. To the extent that Plaintiff attempts to state a claim under state law for breach of contract or fraud, her state claims should be dismissed without prejudice;

3. This Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHEKINAH GRIFFIN,　　　　　　　　　　　　　　Case No. 1:23-cv-542

　　　　Plaintiff,　　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

GENERAL ELECTRIC CREDIT UNION, et al.,

　　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).