IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Shekinah Griffin, | : | |
| | : | Case No. 1:23-cv-542 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| General Electric Credit Union, *et al.*, | : | Recommendation and Overruling |
| | : | Objection |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Stephanie K. Bowman and the Objection thereto filed by *pro se* Plaintiff Shekinah Griffin. (Docs. 4, 5.) Judge Bowman conducted an initial screen of Griffin's Complaint pursuant to 28 U.S.C. § 1915A and recommended that (1) Griffin's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim and (2) Griffin's state law claims, if any, be dismissed without prejudice. (Doc. 3; Doc. 4 at PageID 47.) Griffin then filed the Objection to the Report and Recommendation. (Doc. 5.) For the reasons that follow, the Objection will be **OVERRULED** and the Report and Recommendation will be **ADOPTED**.

I.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). "The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## II.

The Court agrees with the Magistrate Judge's recommendation to dismiss the Complaint. Griffin did not clearly state discrete claims in the Complaint. She asserted that she was bringing a "civil rights lawsuit" as her basis for jurisdiction, and she alleged generally that Defendants, a private credit union and two of its employees, "violated [her] rights as a consumer and committed fraud/breach of contract denying [her] inalienable and/or contractual rights." (Doc. 3 at PageID 34–35.)  However, Griffin cannot assert civil rights claims against these Defendants pursuant to 42 U.S.C. § 1983 as a matter of law.  Defendants are not state actors and Griffin did not identify in what matter they violated any of her constitutional rights.  Next, to the extent Griffin attempted to plead a claim for a violation of a federal consumer protection statute, she did not identify a coherent theory of liability or allege sufficient facts to state a claim for relief. Finally, as to Griffin's allegations that Defendants committed fraud or breached a contract, supplemental jurisdiction over the state law claims should be declined in the absence of a well-pleaded federal claim.

In her Objections, Griffin does not identify any purported errors in the Report and Recommendation.  Instead, she makes a few new allegations of fact—for example, she asserts that "[t]he original transaction was between Jeff Wyler Honda and SHEKINAH GRIFFIN the consumer" and that Defendants violated her requests to cease debt collection communications— and cites to provisions of the Fair Debt Collections Practices Act ("FDCPA").  Griffin may have been attempting to flesh out an FDCPA claim, but she cannot do so in the Objection.  Her initial

Complaint stands or falls on the adequacy of the allegations stated that pleading only. In sum, Griffin failed to provide a basis for the Court to reject the Magistrate Judge's recommendation to dismiss the Complaint.

### III.

For the foregoing reasons, Griffin's Objection (Doc. 5) is **OVERRULED**. The Court **ADOPTS** the Report and Recommendation (Doc. 4) to **DISMISS** Griffin's Complaint (Doc. 3) insofar as: (1) the purported claims for civil rights violations are dismissed with prejudice; (2) the purported claims for violation of federal consumer protection statutes are dismissed without prejudice; and (3) the purported state law claims are dismissed without prejudice.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge